712 July 22, 2026 No. 704

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DYLAN ANDREW ZACCONE,
aka Dylan Zaccone,
*Defendant-Appellant.*

Multnomah County Circuit Court
24CR23530; A186368

Eric L. Dahlin, Judge.

Submitted July 1, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla E. Edmondson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals from a judgment of conviction for attempted fourth-degree assault. On appeal, he contends that the trial court erred when it denied his motion to exclude evidence, arguing that the evidence that defendant had threatened to get a gun and shoot the victim was unfairly prejudicial under OEC 403. Because defendant's claim of error is unpreserved, we affirm.

Below, defendant moved to exclude the evidence of his threat to get a gun because, in his view, the evidence constituted "other acts" evidence that was not admissible under OEC 404. Defendant also argued that if the court concluded that the evidence was "other acts" evidence that was admissible for a nonpropensity purpose, the court must determine whether the evidence should nevertheless be excluded under OEC 403. The trial court admitted the evidence, ruling that the threat was not a prior bad act and was relevant. Defendant did not argue below, as he does now on appeal, that the evidence should be excluded under OEC 403 irrespective of whether the court considered it "other acts" evidence. Having not made that argument below, defendant cannot now claim on appeal that the trial court erred in failing to conduct the requisite balancing under that rule. *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."). Defendant has not asked us to review the claim of error under the plain error standard, and we thus decline to do so. *State v. Atwood*, 332 Or App 495, 498 n 2, 549 P3d 51 (2024) ("[W]e normally will not exercise [our] discretion in the absence of an explicit request for plain-error review and concomitant plain-error arguments.").

Affirmed.